```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x
MIRIANNETTE CRUZ,

                Plaintiff,              REPORT & RECOMMENDATION

        -against-                       06 Civ. 5221 (CM)(MHD)

MICHAEL J. ASTRUE, Commissioner
of Social Security,

                Defendant.
------------------------------x
```

TO THE HONORABLE COLLEEN MCMAHON, U.S.D.J

Plaintiff Miriannette Cruz filed this lawsuit in an effort to overturn the decision of the Commissioner of Social Security dismissing her application for Supplemental Security Income ("SSI") benefits. Defendant has moved to dismiss the complaint without prejudice based on plaintiff's failure to exhaust her administrative remedies. For the reasons that follow, we recommend that the motion be granted.

The Administrative Proceedings

The pertinent facts are provided in a declaration supplied by Yvonne K. Speights, who is the Acting Chief of the Court Case Preparation and Review Branch in the Social Security Administration's Office of Disability Adjudication and Review. She reports that plaintiff filed an application for SSI benefits on

[handwritten annotation at bottom: 10/3/07 after reading plaintiff's objection, the Report is adopted as the opinion of the court. The motion to dismiss is granted, conditioned on the defendant's giving the plaintiff a new hearing date. If plaintiff does not receive a new hearing date within 90 days, the court will entertain a motion to reopen the matter. For now...]

[handwritten annotation right margin: The Clerk is directed to dismiss the complaint and close the file.]

July 12, 2004, and that the Social Security Administration ("SSA") denied it on September 10, 2004. (Decl. of Yvonne K. Speights, executed July 12, 2007, ¶ 3(a) & Ex. 1.) On October 13, 2004 the plaintiff filed a request for a hearing before an administrative law judge ("ALJ"). (Id. ¶ 3(b) & Ex. 2.) She also provided a form to the SSA stating that Olanike Adekunle, of the New York City Human Resources Department's Diability Appeals Unit ("DAU"), would serve as her representative. (Id.)

On April 14, 2005, SSA sent plaintiff's representative a form acknowledging its receipt of her request for a hearing. (Id. ¶ 3(c) & Ex. 3.) SSA then notified plaintiff, by a form dated November 18, 2005, that a hearing on her application had been scheduled for December 13, 2005 at 9 a.m. (Id.) The notice was addressed to plaintiff at her home, and a copy was sent to her representative at the address listed by plaintiff in her prior filing. (Id. & Ex. 3.)

Neither plaintiff nor her representative appeared at the scheduled hearing. (Id. ¶ 3(d).) SSA personnel attempted the same day to contact plaintiff and her representative at the telephone numbers that they had provided to SSA, but their endeavors were unsuccessful. (Id., ¶ 3(d) & Ex. 4). Later that same day, SSA received a faxed letter from Stanley Johnson, a supervisor at DAU. In that letter, which was dated November 30, 2005, Mr. Johnson

2

requested the adjournment of three separate hearings, all scheduled for December 13, 2005, one of which was plaintiff's hearing. (Id.). The request was based on "staffing shortages" at the DAU. (Id.).

On January 24, 2006 Eileen Burlison, an ALJ with SSA, dismissed plaintiff's request for a hearing. (Id. ¶ 3(e) & Ex. 5). In doing so she found that plaintiff had been notified before the hearing that a failure to appear could result in dismissal of the hearing request, that plaintiff's representative had received the notice of the hearing and the warning statement, and that good cause to justify the plaintiff's non-appearance had not been established. This last conclusion was based on the ALJ's observation that the hearing had been scheduled more than a year after Mr. Adekunle had appeared as plaintiff's representative and that accordingly DAU had had ample time to ensure sufficient staffing and to arrange for plaintiff's appearance. The ALJ also noted that Mr. Johnson was not plaintiff's representative, and hence his letter was entitled to no weight, and that in any event his adjournment request had not been received until after the scheduled time of the hearing. Finally, she rejected the understaffing rationale, observing, "To allow postponements because the [DAU] has filed more requests for hearing and agreed to represent more claimants than it can properly manage significantly undermines the public service mission of the [SSA] by causing

3

unwarranted delays in the processing of numerous requests for hearing." (Id. & Ex. 5 at 2.) Based on these circumstances, she concluded that plaintiff had not shown good cause as required by 20 C.F.R. § 416.1457(b)(1), and therefore dismissed the plaintiff's hearing request. (Speights Decl. ¶ 3(e) & Ex. 5 at 2.)

Plaintiff sought review of this decision by the Appeals Council. On April 26, 2006 the Council denied review of the ALJ's dismissal order. (Id. ¶ 3(f) & Ex. 6).

Plaintiff filed her complaint with the Pro Se Clerk on May 22, 2006. On July 10, 2006, then-Chief Judge Mukasey ordered plaintiff to file an amended complaint demonstrating that she had exhausted her administrative remedies. Plaintiff filed an amended complaint on July 26, 2006, but the new pleading did not show such exhaustion. Accordingly, Judge Mukasey dismissed the complaint sua sponte on August 15, 2006.

On August 29, 2006, plaintiff filed a motion that Chief Judge Wood thereafter deemed to be for reconsideration of the dismissal under Rule 60(b) of the Federal Rules of Civil Procedure. Judge Wood observed that plaintiff was claiming that the April 26, 2006 notice of the Appeals Council's refusal to review the ALJ's dismissal decision had been sent to plaintiff's father and that

plaintiff had not seen it until June 2006. She therefore granted the motion for reconsideration and ordered the case reopened.

After a brief delay attributable to assignment of the case to Judge Casey and his death shortly thereafter, the lawsuit was referred to me, and the defendant eventually moved to dismiss for lack of exhaustion. In doing so, the Commissioner represents that after a dismissal, the SSA will give plaintiff another opportunity for an administrative hearing. Plaintiff opposes the motion.

ANALYSIS

Section 205 of the Social Security Act provides that an applicant for disability insurance or SSI benefits may seek judicial review of the "final decision" of the Commissioner denying that application. 42 U.S.C. § 405(g). Moreover, the Act specifies that section 205 provides the exclusive avenue for review of the Commissioner's decision. 42 U.S.C. § 405(h).

The definition of "final decision" is explicitly left to the Commissioner to determine. See, e.g., Weinberger v. Salfi, 422 U.S. 749, 766-67 (1975). Under SSA regulations, the claimant must go through four administrative stages in order to obtain a final decision by the Commissioner. 20 C.F.R. § 416.1400(a). These

5

include an initial application and determination, reconsideration, a hearing and decision by an ALJ on the claimant's application, and review by the Appeals Council. Id. Unless the claimant proceeds through all of these stages, she will be deemed not to have exhausted her administrative remedies. Id. In general, federal courts lack jurisdiction to review the denial of a claimant's application for benefits in such a case because there has not yet been a final decision by the Commissioner. See, e.g., Weinberger, 422 U.S. at 763-66; Pavano v. Shalala, 95 F.3d 147, 150 (2d Cir. 1996).

In this case plaintiff failed to appear for her scheduled hearing, and the ALJ thereafter dismissed her hearing request, a decision that the Appeals Council declined to disturb.[1] As a result, plaintiff never obtained a hearing on her application, a decision by the ALJ on that application, or a final decision by the Appeals Council. See 20 C.F.R. § 416.1481. As a result, the court lacks subject-matter jurisdiction over the current lawsuit.

Finally, we note that defendant has confirmed that, upon the

---

[1] Plaintiff has not sought to demonstrate that the decision of the ALJ to dismiss her hearing request for lack of good cause was erroneous, even assuming that we would have jurisdiction to review that decision. In any event, even if we concluded that the Commissioner had erred, the only remedy would be to direct that plaintiff receive a hearing, which he is already going to give her.

6

dismissal of this case, the SSA will issue plaintiff a new hearing notice, thus enabling her to have her benefits application finally heard administratively on the merits. (Speights Decl. ¶ 3(g)). Thus, the ultimate result of a dismissal will not be to deprive her of agency consideration of her claim.

## CONCLUSION

For the reasons noted, we recommend that defendant's motion to dismiss the complaint without prejudice be granted.

Pursuant to Rule 72 of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from this date to file written objections to this Report and Recommendation. Such objections shall be filed with the Clerk of the Court and served on all adversaries, with extra copies to be delivered to the chambers of the Honorable Colleen McMahon, Room 640, and to the chambers of the undersigned, Room 1670, 500 Pearl Street, New York, New York. Failure to file timely objections may constitute a waiver of those objections both in the District Court and on later appeal to the United States Court of Appeals. See Thomas v. Arn, 474 U.S. 140, 141-42, 155 (1985); Small v. Secretary of Health and Human Services, 892 F.2d 15, 16 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

DATED: New York, New York
       September 10, 2007

                                    RESPECTFULLY SUBMITTED,


                                    _____
                                    MICHAEL H. DOLINGER
                                    UNITED STATES MAGISTRATE JUDGE


Copies of the foregoing Report and Recommendation have been mailed this date to:

Ms. Miriannette Cruz
319 East 197th Street
Apt. 2C
Bronx, New York 10458

John E. Gura, Esq.
Assistant United States Attorney
   for the Southern District of New York
86 Chambers Street
New York, New York 10007